UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES HUGHES,

          Plaintiff,

DECISION AND ORDER

Case No. 12-CV-6024FPG

v.

MATTHEW D. NEMIER,
JOSEPH A. BLIDE,
JOSEPH H. COMFORT,
JEFFREY A. POWERS,
STEVEN RACETTE,
DONALD M. WILKINS,

          Defendants.

---

**I.    Background**

*Pro se* Plaintiff James Hughes ("Plaintiff"), then a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"),[1] filed this Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Matthew D. Nemier ("Nemier"), Joseph A. Blide ("Blide"), Joseph H. Comfort ("Comfort"), Jeffrey A. Powers ("Powers"), Steven Racette ("Racette"), and Donald M. Wilkins ("Wilkins") violated his civil rights. ECF No. 1. He alleges that on December 7, 2010, following a "misunderstanding," he was "considered resisting" by Corrections Officers Nemier, Blide, and Comfort and was restrained. *Id.* Although he became submissive due to large amounts of pressure applied, Nemier continued to bend his

---

[1] Plaintiff has duly notified the Court of his new residential address.

left arm until it broke due to excessive force made possible by Comfort who held Plaintiff's right arm behind his back and Blide who placed him in a "figure four leg lock." *Id.* Furthermore, Plaintiff alleges that Powers, Racette, and Wilkins "inadequately investigated this grieved incident." *Id.*

Thereafter, Defendants Powers, Racette, and Wilkins filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted against them on the ground that the law is clear that Plaintiff has no constitutional right to have his grievances processed or investigated. ECF No. 10; ECF No. 10-1. Plaintiff submitted his response[2] opposing dismissal of the action against these three Defendants, reciting the allegations set forth in the Complaint and stating that "nothing or no one should be precluded from presentation at this point." ECF No. 12. This Court agrees that the action against Defendants Powers, Racette, and Wilkins should be dismissed pursuant to Rule 12(b)(6).

## II. Discussion

### A. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6) "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient

---

[2] Plaintiff also filed a discovery request pursuant to Fed. R. Civ. P. 34 seeking the production of certain specified documents. The Court would deny this discovery request in any event, because the Federal Rules of Civil Procedure require that a motion to dismiss for "failure to state a claim upon which relief can be granted ... *must be made before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Therefore, "[t]he Rules expressly provide that such motions be made before answer and discovery because the motion is directed solely at the sufficiency of the complaint; matters outside the pleading are not considered." *Applewhite v. Sheahan,* No. 08-CV-6045-CJS, at *5, 2013 WL 144957 (W.D.N.Y. January 11, 2013).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The determination regarding "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau,* No. 9:07–CV–0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing, *e.g., Jacobs v. Mostow,* 271 Fed. App'x 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp,* 521 F.3d 202, 215–16 (2d Cir. 2008)). However, the Court remains mindful that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin,* 521 F.3d at 214. Notwithstanding this liberalized approach to the construing *pro se* documents, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which

it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89 (2007)) (additional internal quotation marks omitted); *Crenshaw v. Hartman,* 681 F. Supp. 2d 412, 414 (W.D.N.Y. 2010).

For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements incorporated in it by reference." *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000). Additionally, the court may review any "documents that plaintiff[] either possessed or knew about and upon which [he] relied in bringing the [action]." *Id.*

### B. Failure to Investigate Grievance

To state a valid claim under § 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under the color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States." *Whalen v. County of Fulton,* 126 F.3d 400, 405 (2d Cir. 1997); 42 U.S.C. § 1983. Section 1983, itself, is not "'a source of substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3, (1979)). The nature of Plaintiff's claim asserted against Defendants Powers, Racette, and Wilkins is a violation of his due process rights based upon allegations that they inadequately investigated his grievance regarding the incident of alleged excessive force during which he suffered a physical injury. Attached to his Complaint are copies of the filed grievance concerning the alleged incident and Plaintiff's appeal of the denial of the grievance (ECF No. 1), both of which the Court has reviewed and considered in determining this motion to dismiss.

As Defendants aptly state, "the law is clear that plaintiff has no constitutional right to have his grievances processed at all, or if processed, to have the procedure done properly." *Avent v. Doe*, No. 9:05–CV–1311, 2008 WL 877176, at *8 (N.D.N.Y. Mar. 31, 2008); accord *Crenshaw v. Hartman*, 681 F. Supp. 2d 412, 416 (W.D.N.Y. 2010). Even assuming the investigation of the grievance conducted by Defendants Powers, Racette, and Wilkins was in some way inadequate or deficient, such inadequacy or deficiency would not give rise to a constitutional claim. *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *9 (N.D.N.Y. February 4, 2011) (citing *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008)); see, e.g., *Green v. Herbert*, 677 F. Supp. 2d 633, 639 (W.D.N.Y. 2010) (inmate's allegation that correction officer who was assigned to investigate his grievance conducted a biased, unfair investigation "fails because an inmate 'has no constitutional right to have his grievances processed or investigated in any particular manner'") (quoting *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 379 (W.D.N.Y. 2005)); *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445–46 (W.D.N.Y. 2008) ("a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim"); *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 341-42 (S.D.N.Y. 2003) (the failure of the corrections officers to properly address the defendant's grievances by conducting a thorough investigation to his satisfaction did not create a cause of action for denial of due process because he was not deprived of a protected liberty interest).

Plaintiff's allegations fail to demonstrate that he was deprived of due process by the failure of Defendants to investigate his grievance at the level of thoroughness he may have desired. Therefore, the causes of action against Defendants Powers, Racette, and Wilkins should be dismissed.

### III. Conclusion

Because the failure to process, investigate or respond to an inmate's grievance does not in and of itself give rise to a constitutional claim, the § 1983 cause of action based upon a violation of Plaintiff's due process rights by Defendants Powers, Racette, and Wilkins is hereby dismissed. The Clerk of the Court is hereby directed to terminate the action against Defendants Powers, Racette, and Wilkins. Regarding the remaining Defendants, Nemier, Blide, and Comfort, the matter is hereby referred to a Magistrate Judge for all pretrial proceedings and non-dispositive motions.

IT IS SO ORDERED.

Dated: March 31, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge