# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JAMES D. HUGHES,

              Plaintiff,

       v.

MATTHEW D. NEMIER, et al.,

              Defendants.

**DECISION & ORDER**
12-CV-6024

## Preliminary Statement

Pro se plaintiff James Hughes ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that correctional officers Matthew Nemier, Joseph Blide, and Joseph Comfort ("defendants") violated his civil rights on December 7, 2010 by using excessive force while he was incarcerated at the Elmira Correctional Facility. See Complaint (Docket # 1). Pending before the Court are defendants' motion for discovery, (Docket # 21), and plaintiff's motion to appoint counsel, (Docket # 24).

## Discussion

I. Defendants' Motion for Discovery: On June 18, 2015, defendants filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure after plaintiff failed to appear for two depositions. Motion for Discovery (Docket # 21). Defendants allege that plaintiff failed to appear for his deposition scheduled for May 27, 2015, despite defense counsel sending him a letter nine days earlier informing him of the deposition's place and time. Declaration annexed to Motion for

Discovery (Docket # 21-1) at 1.   After learning that plaintiff allegedly received the letter on the day of the deposition, counsel for defendants rescheduled the deposition for June 15, 2015 and informed plaintiff of the new time by letter and telephone.   Id. at 2.   Plaintiff failed to appear again, this time claiming that he believed the deposition was scheduled for the next day.   Id. at 2-3.   Defendants then filed the instant motion, requesting the following relief: (1) that plaintiff pay the cost of the stenographer for the two depositions he missed; (2) that the Court order plaintiff to appear for a deposition or face dismissal of the action pursuant to Rule 41 of the Federal Rules of Civil Procedure; (3) that the Court stay all deadlines until the completion of plaintiff's deposition; and (4) that the Court issue an Order requiring plaintiff to refile a motion to proceed in forma pauperis.   Motion for Discovery (Docket # 21).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court may impose sanctions against a party for failing to meet discovery obligations.   See Fed. R. Civ. P. 37.   Relatedly, the inherent powers vested in the judiciary grant judges broad discretion to sanction conduct that they consider to be an abuse of the judicial process.   See Chambers v. NASCO, Inc., 501 U.S. 32, 42-44 (1991).   However, the award of sanctions is not to be routine:

> [I]nherent-power sanctions are appropriate only if
> there is clear evidence that the conduct at issue is
> (1) entirely without color and (2) motivated by

2

improper purposes. Conduct is entirely without color
when it lacks any legal or factual basis; it is
colorable when it has some legal and factual support,
considered in light of the reasonable beliefs of the
attorney whose conduct is at issue. A finding of bad
faith, and a finding that conduct is without color or
for an improper purpose, must be supported by a high
degree of specificity in the factual findings.

Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114
(2d Cir. 2009)(internal citations omitted).

Having reviewed the papers in support of defendants' motion
and the record as a whole, the Court will give plaintiff the
benefit of the doubt and find that his conduct was not in bad
faith and was not motivated by improper purposes. Nevertheless,
the Court does find that plaintiff's lack of attention to his
obligations poses a problem for both opposing counsel and this
Court. Plaintiff has commenced a lawsuit and is responsible for
prosecuting that lawsuit according to the rules of procedure. One
of those rules is that plaintiff must make himself available for a
deposition. Accordingly, the Court hereby Orders that defendants
provide plaintiff with dates on which they are available to depose
him within the next **sixty (60) days**. Plaintiff shall thereafter
confer with defendants to select a date and must appear for the
deposition on the agreed upon date. All other discovery is stayed
pending the completion of this deposition. Defense counsel has
been extraordinarily accommodating to plaintiff by agreeing to
conduct the deposition by videoconference and allowing plaintiff
to appear at a location near his home in Shirley, New York instead

3

of traveling many hours to the Western District of New York.    If plaintiff fails to appear for the rescheduled deposition, the Court will reconsider its determination not to award sanctions and plaintiff is advised that the defendants may move to dismiss this action for failure to prosecute.    Finally, within **one (1) week** of the deposition, the parties shall submit to the Court a comprehensive proposed discovery order containing new final discovery and motion deadlines.

Defendants' fourth requested form of relief - that plaintiff refile a motion to proceed in forma pauperis - is **moot**.   See Text Order (Docket # 26).

II.   Plaintiff's Motion to Appoint Counsel:    In his motion, plaintiff argues that he needs Court-appointed counsel because his claim faces the possibility of dismissal, because the litigation is complex, and because it would benefit all parties involved. See Motion to Appoint Counsel (Docket # 24).   For the reasons that follow, plaintiff's motion is **denied without prejudice to renew**.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel.   See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994).    Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it.    Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).    The Second Circuit set forth

the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877

5.

F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint
is detailed in nature and adequately describes the events that
allegedly led to his injuries. The factual circumstances
surrounding plaintiff's claims do not appear to be unusually
complicated and the legal issues alleged are not so complex as to
make it impossible for plaintiff to proceed without counsel. The
case centers on a single incident occurring on December 7, 2010
when plaintiff claims the defendants inflicted excessive force by
breaking his right arm, which required surgery. Defendants claim
that plaintiff was injured when they were called to break up a
fight between plaintiff and another inmate. See generally, Rule
26 Disclosure (Docket # 19). Up to this point, plaintiff has
submitted a clear, well-drafted complaint, and has drafted motion
papers containing logical factual arguments in support of his
requests for relief. Moreover, plaintiff's case is still in the
discovery stage.

Accordingly, at this juncture at least, plaintiff appears
sufficiently knowledgeable and equipped to understand and handle
the litigation. See Castro v. Manhattan E. Suite Hotel, 279
F.Supp.2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel
where "the case does not present novel or overly complex legal
issues, and there is no indication that [plaintiff] lacks the
ability to present his case"). Given the limited resources
available with respect to pro bono counsel, the Court finds no
"special reason" why appointment of counsel now would be more

6

likely to lead to a just determination.  See Boomer v. Deperio,
No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3,
2005)(denying motion to appoint counsel despite plaintiff's claims
that the matter was complex and he had a limited knowledge of
law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2
(S.D.N.Y. May 14, 2003)(denying motion for appointment of counsel
where plaintiff "offered no special reason why appointment of
counsel would increase the likelihood of a just determination").
Should he need to, plaintiff may consult with the Western
District's pro se office attorneys for questions on process and
procedure.  Plaintiff's motion to appoint counsel is **denied**.

## CONCLUSION

Defendants' motion for discovery (Docket # 21) is **granted in
part and denied in part in accordance with this Decision and
Order.**  Plaintiff's motion to appoint counsel (Docket # 24) is
**denied**.

SO ORDERED.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     March 22, 2016
           Rochester, New York

7