UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES HUGHES,

                       Plaintiff,

                                                    Case # 12-CV-6024-FPG

v.

                                                    DECISION AND ORDER

MATTHEW D. NEMIER et al.,

                       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff James Hughes ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983 against Elmira Correctional Facility ("Elmira") Corrections Officers Matthew D. Nemier ("Defendant Nemier"), Joseph A. Blide ("Defendant Blide"), and Joseph H. Comfort ("Defendant Comfort").[1] ECF No. 1. Plaintiff alleges that while he was an inmate at Elmira, Defendant Nemier subjected him to excessive force by breaking his left arm, and that Defendants Blide and Comfort failed to intervene on his behalf.

On August 2, 2016, Defendants moved for summary judgment. ECF No. 36. On August 31, 2016, Plaintiff responded in opposition to Defendants' Motion. ECF No. 38. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[2]

On December 7, 2010, Plaintiff was involved in an altercation with another Elmira inmate. The two men exchanged punches, fell to the ground, and wrestled with each other.

---

[1] Defendants Jeffrey A. Powers, Steven Racette, and Donald M. Wilkins were previously dismissed from this case pursuant to a Motion to Dismiss. *See* ECF Nos. 10, 13.

[2] Except as otherwise noted, the following undisputed facts are taken from the parties' respective Local Rule 56 Statements. *See* ECF No. 36-1; ECF No. 38, at 14-16.

Elmira staff responded to the fight, and Defendants restrained Plaintiff. Specifically, Defendant Nemier held Plaintiff's left arm, Defendant Comfort held his right arm, and Defendant Blide secured his legs. The entire incident, from the time Defendants made contact with Plaintiff until mechanical restraints were placed on him, took a matter of seconds. Plaintiff was taken to the hospital and received x-rays that revealed that he had a broken arm, or, more specifically, a mildly comminuted distal fracture of the shaft of the left humerus.

Plaintiff asserts that Defendant Nemier broke his left arm when he "ben[t] it exceedingly." ECF No. 38, at 4. Defendant Nemier maintains that he did not twist or bend Plaintiff's arm in a manner that could have broken the bone; he "merely used both arms to pull [Plaintiff]'s left arm behind his back while Plaintiff was struggling." ECF No. 39, at ¶ 7.

## LEGAL STANDARD

Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). The non-moving party may defeat the summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However,

"mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Because Plaintiff is proceeding *pro se,* his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

## DISCUSSION

### I. Failure to Intervene Claim against Defendants Blide and Comfort

Defendants Blide and Comfort argue that they are entitled to summary judgment because they did not have a reasonable opportunity to intervene in the alleged use of excessive force by Defendant Nemier. This Court agrees.

An officer can be liable under § 1983 for his or her failure to intervene in a situation where excessive force is being used if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 129 (2d Cir. 1997). Whether an officer had sufficient time to intercede is ordinarily an issue for the jury to resolve "unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994). Generally, an officer cannot be liable for failing to intervene in incidents that happen in a "matter of seconds." *Henry v. Dinelle*, No.

9:10-CV-0456 (GTS/DEP), 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (citation omitted).

Plaintiff testified at his deposition that the entire incident at issue "happened kind of fast" and lasted only "a few seconds." ECF No. 36-7, at 14. Thus, no reasonable jury could find that Defendants Blide and Comfort had a realistic opportunity to intervene. *See Pattiasina v. Sewalt*, No. 12-CV-6170-FPG, 2015 WL 5725139, at *2 (W.D.N.Y. Sept. 29, 2015) (noting that no reasonable jury could find that the defendant had an opportunity to intervene where the plaintiff testified that only a "split second" elapsed between when he fell to the ground and was kicked by another corrections officer).

To the extent that Plaintiff attempts to argue that Defendants Blide and Comfort had some kind of "plan" to break his arm (*see* ECF No. 38, at 28 ("[I]t is clear to me that the[ir] intention was to break my arm[.]") and ECF No. 36-7 at 14 ("[I]t was broke just above the elbow, so that was definitely an area as if it was broke on purpose.")), Plaintiff has not presented admissible evidence to show that they knew the fight would occur. *Lawrence v. Rodak*, No. 11-CV-6115-FPG, 2014 WL 4829418, at *3 (W.D.N.Y. Sept. 29, 2014) (granting summary judgment on a failure to protect claim where "Plaintiff has not presented any admissible evidence to show that [Defendant] had reason to know in advance that the fight would have occurred, and indeed, the Plaintiff and [Defendant] both agree that neither one had any interaction with the other prior to the date in question."). In fact, Plaintiff testified that he had no problems with Defendants Blide and Comfort before the incident at issue. ECF No. 39-1, at 7-8. Thus, Plaintiff's assertion that Defendants intended to break his arm, without any evidentiary support, is insufficient to overcome Defendants' Motion for Summary Judgment. *See Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) ("[A] *pro se* party's bald assertions unsupported by

evidence, are insufficient to overcome a motion for summary judgment.") (citations omitted). Accordingly, Defendants' Motion for Summary Judgment is GRANTED as to the failure to intervene claim against Defendants Blide and Comfort, and they are dismissed from this case.

## II. Excessive Force Claim against Defendant Nemier

Defendant Nemier argues that he is entitled to summary judgment on the excessive force claim against him because Plaintiff cannot establish that Defendant Nemier broke his arm. ECF No. 36-8, at 4-8. Instead, Defendant Nemier asserts that Plaintiff's broken arm was more likely the result of Plaintiff's altercation with the other inmate—either due to a punch or falling to the floor before Defendants intervened. *Id.*

An Eighth Amendment excessive force claim requires a plaintiff to prove both an objective element and a subjective element. *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). The objective element is "contextual and responsive to contemporary standards of decency," *Hudson*, 503 U.S. at 9-10, and requires that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection," *Blyden*, 186 F.3d at 262. Thus, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citation omitted). "Consequently, not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). Yet, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* (citations omitted).

5

The subjective component of an excessive force claim requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness'" in light of the particular circumstances surrounding the challenged conduct. *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (citation omitted). Whether conduct in an excessive force case was "wanton" turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Blyden*, 186 F.3d at 262-63.

Defendant Nemier argues that Plaintiff's excessive force claim fails because "to make out a prima facie case under § 1983, a plaintiff must show that a given defendant took some action which caused the injury in question." ECF No. 36-8, at 4 (citing *Morgan v. Dinkins*, No. CV-91-0108, 1991 WL 148499, at *1 (E.D.N.Y. July 22, 1991)). Here, there is no question that Defendant Nemier was involved in the use of force at issue.

Instead, Defendant Nemier argues that Plaintiff cannot prove that he caused Plaintiff's broken arm because the technical question of whether a bending or twisting motion can cause a distal fracture of the humerus shaft is not obvious to a lay juror and cannot be presented at trial without expert testimony. ECF No. 36-8, at 4; *see Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) ("[E]xpert medical opinion evidence is usually required to show the cause of an injury . . . because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person.") (citations omitted). Although this may be true, Plaintiff does not need to prove that Defendant Nemier actually broke his arm to make out an excessive force claim.

Although Plaintiff cannot testify to the medical conclusion that his arm was broken, he can testify as to his lay observations and the physical sensations he experienced during the incident at issue. Plaintiff testified at his deposition, for instance, that it felt "as if someone

6

pushed on [his] elbow and then pulled [his] forearm," and he alleged that Defendant Nemier controlled his left hand and arm and held it "away from [his back] before bending it exceedingly." ECF No. 36-7, at 13-14; ECF No. 38, at 4. From such testimony, a reasonable jury could find that Defendant Nemier subjected Plaintiff to excessive force. Accordingly, because material issues of fact exist, Defendants' Motion for Summary Judgment as to the excessive force claim against Defendant Nemier is DENIED.

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (ECF No. 36) is GRANTED as to the failure to intervene claim against Defendants Blide and Comfort, and they are dismissed from this case. Defendants' Motion for Summary Judgment as to the excessive force claim against Defendant Nemier is DENIED.

The parties are directed to appear on December 19, 2016 at 2:30 P.M. to set a date for trial.

IT IS SO ORDERED.

Dated: December 5, 2016
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court